UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERSAILLES SUR LA MER
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                        Case No. 6:18-cv-1125-Orl-37TBS

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Before the Court is the parties' Joint Motion for Modification of Scheduling Order Deadlines. (Doc. 34 ("**Motion**").) The parties seek a four-month extension of all remaining deadlines in the Court's Case Management and Scheduling Order (Doc. 26 ("**CMSO**")). (*See* Doc. 34.) On review, the Motion is due to be denied.

The Court's CMSO states that its deadlines "are purposeful and are not advisory" and "the Court generally denies motions to extend such deadlines or to continue the proceedings." (Doc. 26, p. 7.) The CMSO also outlines what the parties must demonstrate to warrant an extension. (*Id.* at 7–8.) For dispositive motion deadline extensions and trial continuances, the parties must show "manifest injustice." (*Id.* at 7.) For other deadlines:

> Motions to extend other deadlines established in this CMSO—especially the discovery deadline—as disfavored and will be denied absent a showing of good cause and recitations concerning: (a) whether the motion is agreed or opposed; (b) the impact—if any—that the parties expect the deadline extension will have on the trial date and summary judgment deadline; (c)

> the specific reasons that any additional discovery is both necessary and could not be completed in the time allotted by this CMSO; and (d) the parties' agreement that (i) any evidence obtained in the extended discovery period will be unavailable for summary judgment purposes, and (ii) the extension will not be relied on in any way to support another motion to continue or to extend a deadline. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.09(a).

(Doc. 26, p. 8.)

Here, the parties seek a four-month extension of the CMSO deadlines due to their own implementation of a four-month pause in discovery while Plaintiff's independent consultants compiled a report on the damages at issue in this breach of insurance policy action. (Doc. 34, ¶¶ 5–8.) With this, the Court finds that Defendants have failed to establish good cause, let alone manifest injustice, to move the deadlines as requested.

Accordingly, it is **ORDERED AND ADJUDGED** that the parties' Joint Motion for Modification of Scheduling Order Deadlines (Doc. 34) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 5, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record